# EXHIBIT A

# COMMONWEALTH OF VIRGINIA



RECEIVED

JAN 6 2026

CITY ATTORNEY
CITY OF VIRGINIA BEACH

PSL

### PORTSMOUTH CIRCUIT COURT
Civil Division
1345 COURT STREET
PORTSMOUTH VA
(757) 393-8671

Summons

To: CITY OF VIRGINIA BEACH
C/O VIRGINIA BEACH CITY
ATTORNEY'S OFFICE
MARK D. STILES, CITY ATTORNEY
2401 COURTHOUSE DRIVE
VIRGINIA BEACH VA 23456

Case No. 740CL25004282-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, December 22, 2025

Clerk of Court: CYNTHIA P. MORRISON

by _____
(CLERK/DEPUTY CLERK)

Instructions:        BAYSIDE PROCESS SERVICE

Hearing Official:

Attorney's name:    HADDAD, ROBERT J
757-671-6000

# COMMONWEALTH OF VIRGINIA



PORTSMOUTH CIRCUIT COURT
Civil Division
1345 COURT STREET
PORTSMOUTH VA
(757) 393-8671

Summons

Case No. 740CL2500428 2-00

To: SEAN FEARON
225 TRUXTON AVE
PORTSMOUTH VA 23701

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on Monday, December 22, 2025

Clerk of Court: CYNTHIA P. MORRISON

by _____
(CLERK/DEPUTY CLERK)

BAYSIDE PROCESS SERVICE

Instructions:

Hearing Official:

Attorney's name: HADDAD, ROBERT J
757-671-6000

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

JANE DOE,
Plaintiff,

v.                                                              Civil Action No.: _____

SEAN FEARON, in his individual capacity,
and
CITY OF VIRGINIA BEACH,
Defendants.


SERVE:   Sean Fearon
         225 Truxton Ave,
         Portsmouth, VA 23701

SERVE:   City of Virginia Beach
         c/o Virginia Beach City Attorney's Office
         Mark D. Stiles, City Attorney
         2401 Courthouse Drive
         Virginia Beach, VA 23456


## COMPLAINT

COMES NOW the Plaintiff, Jane Doe (hereinafter "the Plaintiff"), by counsel, and

alleges as follows against the Defendant, Sean Fearon (hereinafter "the Defendant"), in

his individual capacity, and against the Defendant, the City of Virginia Beach (hereinafter

"the City"), collectively, the Defendants:

1

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to Virginia law, including Va. Code § 17.1-513. This Court also has concurrent jurisdiction to hear claims arising under 42 U.S.C. § 1983 and violations of the United States Constitution.

2.  Venue is proper in the Circuit Court for the City of Portsmouth, Virginia pursuant to Va. Code §§ 8.01-262(A)(1) and 8.01-260 because Defendant Fearon resides in Portsmouth, Virginia.

## PARTIES

3.  Plaintiff Jane Doe is an individual and a resident of Virginia Beach, Virginia.

4.  Defendant Sean Fearon is an individual and resides in Portsmouth, Virginia.

5.  Defendant City of Virginia Beach is a municipal corporation organized and existing under the laws of the Commonwealth of Virginia. The City may be held liable for the tortious acts of its employees committed within the scope of their employment under the doctrine of respondeat superior.

6.  With respect to Plaintiff's federal claims under 42 U.S.C. § 1983, Officer Sean Fearon is sued in his individual capacity for actions taken under color of state law. With respect to Plaintiff's state law claims, the City of Virginia Beach is sued under the doctrine of respondeat superior for tortious acts committed by Officer Fearon within the scope of his employment as a City of Virginia Beach police officer. At all relevant times herein, Fearon was employed by the City of Virginia Beach Police Department, was on duty, and was acting under the authority of the City.

2

## FACTS

7.  On or about June 14, 2024, Plaintiff was involved in a minor motor vehicle collision while driving on Independence Boulevard in Virginia Beach. Defendant Fearon responded to the scene as the investigating officer.

8.  After evaluating the scene and releasing the other driver, Defendant Fearon instructed Plaintiff to move her vehicle to a nearby Towne Bank parking lot and turned off his body-worn camera.

9.  While in the Towne Bank parking lot, Defendant Fearon forced the Plaintiff to engage in a series of non-consensual sexual acts.

10.  Plaintiff recorded portions of the encounter on her phone.

11.  Plaintiff then drove to a nearby Jiffy Lube parking lot, seeking a public space and potential assistance.

12.  Defendant Fearon followed Plaintiff to the Jiffy Lube parking lot, where he pleaded with her not to report the incident. While there, he took Plaintiff's phone and deleted multiple videos she had recorded of the encounter in the Towne Bank parking lot.

13.  Throughout the entire interaction, Defendant Fearon refused to allow Plaintiff to leave and threatened that if she attempted to do so, he would have her car towed or have one of his fellow police officers stop her and arrest her for driving under the influence.

14.  Following the incident, Defendant Fearon continued to contact Plaintiff by phone and text message, repeatedly urging her not to disclose what had occurred.

3

15. At all relevant times, Defendant Fearon was acting under color of law and within the scope of his employment as a police officer for the City of Virginia Beach.

## COUNT I

### Violation of the Fourth Amendment
### (Against Defendant Fearon)
### Denial of Federal Rights Under Color of State Law,
### 42 U.S.C. §1983, in Violation of the Fourth Amendment

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. Acting under color of state law, Defendant Fearon negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, and/or intentionally used his position of authority to commit acts of sexual assault upon the Plaintiff. Specifically, Defendant Fearon (1) grabbed the Plaintiff's hand and forced her to touch his genitals; (2) inserted his fingers into the Plaintiff's vagina without her consent; and (3) immediately thereafter, forced those same fingers - after removing them from her vagina - into the Plaintiff's mouth. Defendant's actions were nonconsensual and constituted an unlawful detention and misuse of official authority, undertaken in reckless disregard of his duties and the Plaintiff's constitutional rights under the Fourth Amendment.

18. No reasonable police officer in Fearon's position could have believed that such conduct toward a citizen under his control was lawful, reasonable, or constitutional. Fearon's actions constituted an unreasonable seizure in violation of the Fourth Amendment, as applied to him through the Fourteenth Amendment.

4

19. As a direct and proximate result of Defendant Fearon's unlawful conduct, Plaintiff has suffered, and will continue to suffer, physical injury; severe mental anguish, emotional distress, embarrassment, humiliation, inconvenience, pain and suffering, and related symptomatic conditions, including but not limited to depression, insomnia, nightmares, panic attacks, and anxiety interfering with daily living; medical expenses; loss of enjoyment of life; and other nonpecuniary damages in amounts to be determined at trial.

20. Plaintiff has also incurred, and continues to incur, attorney's fees and litigation costs in connection with this action.

## COUNT II
### (Against Defendant Fearon)
### Denial of Federal Rights Under Color of State Law,
### 42 U.S.C. § 1983, in Violation of the Fourteenth Amendment - Substantive Due Process

21. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

22. Acting under color of state law, Defendant Fearon negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, and/or intentionally used his position of authority to commit acts of sexual assault upon Plaintiff. Specifically, Defendant Fearon (1) grabbed Plaintiff's hand and forced her to touch his genitals; (2) inserted his fingers into Plaintiff's vagina without her consent; and (3) immediately thereafter, forced those same fingers - after removing them from her vagina - into Plaintiff's mouth. Defendant's actions were nonconsensual and constituted an unlawful

5

detention and abuse of governmental authority, carried out through an exploitation of his position of power and in violation of Plaintiff's substantive due process rights under the Fourteenth Amendment.

23. Defendant Fearon's conduct constituted an abuse of power so egregious, arbitrary, and conscience-shocking that it violated Plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution.

24. No reasonable police officer in the Defendant's position could have believed that engaging in sexual assault, coercion, or intimidation of a citizen under his authority comported with constitutional standards of due process.

25. Defendant Fearon's actions were not a legitimate exercise of police authority but were instead a gross misuse of governmental power and abuse of his official position, carried out at the expense of Plaintiff's bodily integrity and personal security.

26. As a direct and proximate result of Defendant Fearon's unconstitutional conduct, Plaintiff has suffered, and will continue to suffer, physical injury; severe mental anguish, emotional distress, embarrassment, humiliation, inconvenience, pain and suffering, and related symptomatic conditions, including but not limited to depression, insomnia, nightmares, panic attacks, and anxiety impacting her daily living; medical expenses; loss of enjoyment of life; and other nonpecuniary damages in amounts to be determined at trial.

27. Plaintiff has also incurred, and continues to incur, attorney's fees and litigation costs in connection with this action.

## COUNT III

### (Against Defendants Fearon and the City of Virginia Beach)
### Gross Negligence and Willful and Wanton Conduct - Virginia Common Law

28.  Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

29.  Defendant Fearon, acting within the scope of his employment as a police officer for the City of Virginia Beach, owed the Plaintiff a duty to exercise reasonable care in the performance of his official duties, including the duty not to abuse his authority, unlawfully detain citizens, or subject them to harm.

30.  Defendant Fearon breached that duty by engaging in conduct that was grossly negligent, willful, wanton, and in reckless disregard of Plaintiff's rights and safety, including but not limited to: sexually assaulting Plaintiff, unlawfully detaining her, coercing her into deleting evidence, and intentionally destroying evidence himself.

31.  Defendant Fearon's conduct demonstrated an utter disregard for Plaintiff's rights and personal security and constituted a willful and wanton violation of his obligations as a law enforcement officer.

32.  As a direct and proximate result of Defendant Fearon's gross negligence and willful and wanton conduct, Plaintiff suffered, and will continue to suffer, physical injury, severe emotional distress, mental anguish, humiliation, embarrassment, and other damages.

33.  At all times relevant, Defendant Fearon was acting within the scope of his employment as a police officer for the City of Virginia Beach. Accordingly, Defendant

7

City of Virginia Beach is liable for Defendant Fearon's conduct under the doctrine of respondeat superior.

34. Plaintiff is entitled to compensatory damages, as well as punitive damages, due to the grossly negligent, willful, and wanton nature of Defendant Fearon's conduct.

<u>COUNT IV</u>

<u>(Against Defendants Fearon and the City of Virginia Beach)</u>

<u>Negligence Per Se – Violation of Va. Code § 18.2-64.2 - Virginia Common Law</u>

35. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

36. Virginia Code § 18.2-64.2 prohibits a law enforcement officer from engaging in carnal knowledge of any person under that officer's custodial supervision, whether consensual or not.

37. At all times relevant, Plaintiff was under the custodial authority, control, and supervision of Defendant Fearon, acting in his capacity as a police officer for the City of Virginia Beach. Plaintiff was not free to leave and submitted to Defendant Fearon's authority.

38. Defendant Fearon exercised custodial control over Plaintiff by refusing to allow her to leave and threatening to have her vehicle towed or have her stopped and arrested for driving under the influence if she attempted to leave.

39. Defendant Fearon's acts of sexual contact with Plaintiff, including forcing her to touch him, digitally penetrating her, and placing his fingers into her mouth, constitute a direct violation of Va. Code § 18.2-64.2.

40. The statute was enacted for the purpose of protecting individuals in custodial settings from sexual exploitation and abuse by law enforcement officers. Plaintiff was a member of the class of persons the statute was designed to protect, and the harm she suffered is precisely the type of harm the statute seeks to prevent.

41. Defendant Fearon's violation of Va. Code § 18.2-64.2 constitutes negligence per se under Virginia law.

42. As a direct and proximate result of Defendant Fearon's violation of this statute, Plaintiff has suffered, and will continue to suffer, physical injury, severe emotional distress, mental anguish, humiliation, embarrassment, and other damages.

43. At all times relevant, Defendant Fearon was acting within the scope of his employment as a police officer for the City of Virginia Beach. Accordingly, Defendant City of Virginia Beach is liable for Defendant Fearon's conduct under the doctrine of respondeat superior.

44. Plaintiff is entitled to compensatory damages, as well as punitive damages, based on Defendant Fearon's knowing violation of Va. Code § 18.2-64.2.

## COUNT V
### (Against Defendants Fearon and the City of Virginia Beach)
### Assault and Battery - Virginia Common Law

45. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

46. At all times relevant, Defendant Fearon, acting within the scope of his employment as a police officer for the City of Virginia Beach, willfully, wantonly, maliciously, and/or intentionally committed acts intended to cause harmful or offensive contact with Plaintiff, or to place Plaintiff in reasonable apprehension of such contact.

47. Specifically, Defendant Fearon entered Plaintiff's vehicle without lawful authority; grabbed her hand and forced her to touch his genitals; inserted his fingers into her vagina without her consent; and immediately thereafter, forced those same fingers - after removing them from her vagina - into her mouth. Defendant Fearon's conduct caused Plaintiff to be in reasonable apprehension of imminent harmful or offensive contact and resulted in actual harmful and offensive physical contact.

48. Defendant Fearon's actions were intentional, without justification, and were carried out through an abuse of his official authority and position of power over Plaintiff, for purposes of coercion and asserting control.

49. As a direct and proximate result of Defendant Fearon's assaultive and battery conduct, Plaintiff has suffered, and will continue to suffer, physical injury, severe emotional distress, mental anguish, humiliation, embarrassment, and other damages.

50. At all times relevant, Defendant Fearon was acting within the scope of his employment as a police officer for the City of Virginia Beach. Accordingly, Defendant City of Virginia Beach is liable for his conduct under the doctrine of respondeat superior.

10

51.   Plaintiff is entitled to compensatory damages, as well as punitive damages, due to the intentional, willful, and wanton nature of Defendant Fearon's conduct.

WHEREFORE, as to all counts, the Plaintiff demands relief in the amount of ELEVEN MILLION NINE HUNDRED AND FORTY FIVE THOUSAND SIX HUNDRED AND EIGHTY EIGHT DOLLARS AND TWENTY THREE CENTS ($11,945,688.23), together with costs and attorneys' fees pursuant to 42 U.S.C. § 1988 (b), punitive damages in the maximum amount allowable by law; plus prejudgment and post-judgment interest allowable by law on all of the amounts awarded, and all of her costs in proceeding with this matter.

The Plaintiff requests a trial by jury.


                                    JANE DOE

                              By_____
                                    Of Counsel


Robert J. Haddad, Esquire (VSB: 22298)
Andrew M. Hendrick, Esquire (VSB No. 42852)
Isabella I. Haddad, Esquire (VSB No. 100153)
RULOFF, HADDAD & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
*Counsel for the Plaintiff*


11

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

JANE DOE,

        Plaintiff,

v.                              CASE NO.: 740CL25004282-00

SEAN FEARON,

AND

THE CITY OF VIRGINIA BEACH,

        Defendants.

### <u>CITY OF VIRGINIA BEACH'S DEMURRER AND<br>SPECIAL PLEA OF SOVEREIGN IMMUNITY</u>

      COMES NOW the Defendant, City of Virginia Beach ("City"), by counsel, and hereby submits this Demurrer and Special Plea of Sovereign Immunity in response to the Complaint filed by Jane Doe, upon the reasons and grounds set forth herein.

### STATEMENT OF FACTS & PROCEDURAL HISTORY

      1.      Plaintiff initiated the instant litigation by filing her Complaint in the Circuit Court for the City of Portsmouth on December 22, 2025.

      2.      Plaintiff's Complaint contains five counts, three of which are lodged against the City: Count III (Gross Negligence and Willful and Wanton Conduct – Virginia Common Law); Count IV (Negligence Per Se – Violation of Va. Code 18.2-64.2 – Virginia Common Law); and Count V (Assault and Battery – Virginia Common Law). *See* Complaint.

      3.      These claims stem from Plaintiff's allegation that she was, *inter alia*, sexually assaulted and abducted by Defendant Fearon.

      4.      Specifically, Plaintiff alleges that on June 14, 2024, Defendant Fearon, an employee of the City of Virginia Beach assigned to the Virginia Beach Police Department ("VBPD") as a

police officer, responded to a minor motor vehicle accident in which she was involved. *See* Complaint at ¶¶ 7.

5.      Plaintiff further alleges that after Defendant Fearon—acting in his capacity as an on-duty VBPD officer—evaluated the scene and released the other driver, he instructed the Plaintiff to move her vehicle to a nearby Towne Bank parking lot. *See* Complaint at ¶¶ 8.

6.      Plaintiff claims that Defendant Fearon acted negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, and/or intentionally by: (1) forcing the Plaintiff to engage in a series of non-consensual sexual acts; (2) deleting multiple videos Plaintiff recorded of the non-consensual sexual acts; (3) refusing to allow Plaintiff to leave; (4) threatening to have Plaintiff arrested and her car towed for driving under the influence; and (5) continuously urging Plaintiff not disclose what happened. *See* Complaint at ¶¶ 7-15, 17, 22, 30, 43, 46.

7.      Plaintiff avers that "at all relevant times, Defendant Fearon was acting under color of law and within the scope of his employment as a police officer for the City of Virginia Beach." *See* Complaint at ¶¶ 15.

8.      As explained more fully below, all of Plaintiff's claims against the City fail because the City is immune from liability for any alleged negligent, grossly negligent, reckless, willful, malicious and/or intentional acts of police officers employed by the City of Virginia Beach in the operation of its police force.

## ARGUMENT

### I.      Demurrer Standard of Review

9.      "[T]he contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Virginia Code § 8.01-273(A).

10.    The purpose of a demurrer is to determine whether a complaint states a cause of action upon which relief may be granted. *Kellerman v. McDonough*, 278 Va. 478, 483-484 (2009) (citing *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712-13 (2006); *Welding, Inc. v. Bland Cnty. Serv. Auth.*, 261 Va. 218, 226 (2001).

11.    "A demurrer admits the truth of all properly pleaded material facts. 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law.'" *Dodge v. Randolph-Macon Woman's College*, 276 Va. 1, 5 (2008) (citations omitted).

12.    "To survive a challenge by demurrer, a pleading must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment." *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 44 (2013) (internal quotation marks and citation omitted).

## II.    Special Plea Standard of Review

13.    "A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Hawthorne v. VanMarter*, 279 Va. 566, 577, 692 S.E.2d 226, 233 (2010).

14.    The Court may consider a plea in bar which presents a dispositive issue in a case and "[t]he issue raised by a plea in bar may be submitted to the . . . court for decision based on a discrete body of facts identified by the parties through their pleadings, or developed through the presentation of evidence supporting or opposing the plea." *Id.*

15.    The burden of establishing the grounds of defense asserted in a plea is on the party raising it. *Cooper Indus., Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000).

16.     Where—as here—the plea in bar is asserted on the pleadings, the trial court relies solely on the pleadings in considering the plea in bar. *See Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 112, 661 S.E.2d 834, 836 (2008).

### III.     Sovereign Immunity Bars Plaintiff's Attempts to Hold the City Vicariously Liable for Defendant Fearon's Conduct as a Virginia Beach Police Officer

17.     "[T]he doctrine of sovereign immunity is 'alive and well' in Virginia." *Messina v. Burden*, 228 Va. 301, 307 (1984).

18.     If proven, a special plea of sovereign immunity creates a bar to a plaintiff's claim of recovery. *City of Chesapeake v. Cunningham*, 268 Va. 624, 633 (2004); *Niese v. City of Alexandria*, 264 Va. 230, 238 (2002).

19.     "It is well established that the doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions." *Niese*, 264 Va. at 238, 564 S.E.2d at 132.

20.     A function is governmental in nature if it is directly related to the general health, safety, and welfare of the citizens. *Niese*, 264 Va. at 239; *Edwards v. City of Portsmouth*, 237 Va. 167, 171 (1989). Further "[w]here a local government exercises powers delegated or imposed; it performs a governmental function." *Id.* at 171 (citing *Hoggard v. Richmond*, 172 Va. 145, 147 (1939); *Franklin v. Richlands*, 161 Va. 156 (1933).

21.     Operation and maintenance of a police force is a governmental function. *See Niese*, 264 Va. at 239; *see also Hoggard v. City of Richmond*, 172 Va. 145, 148 (1939).

22.     Sovereign immunity therefore shields a municipality from all tort liability arising out of the operation of a police force, including that which arises from the negligence, gross negligence, and intentional acts of its police officers. *Niese*, 264 Va. at 239; *see also Gordon v. City of Winchester*, 38 Va. Cir. 274, 278-79 (Warren Cnty. 1995) ("While the erring police officer,

who is allegedly grossly negligent, may be held personally liable, the City and its police department may not be held vicariously liable for his gross negligence.").

23.    For that reason, the Supreme Court of Virginia has held that municipalities may not be held liable for any negligent, grossly negligent, reckless, malicious, willful, or intentional wrongful acts such as sexual assault or abduction perpetrated by their employee police officers, even when those acts occur while the officer is on duty. *Niese*, 264 Va. at 238-39 (holding that the City of Alexandria was not liable for a police officer's rape of the plaintiff on multiple occasions).

24.    In the instant case, Plaintiff's claims against the City are premised entirely on the exercise of its governmental function, i.e., the operation of a municipal police department, in that Plaintiff alleges that Defendant Fearon was employed as a police officer by the City and that he was acting within the course and scope of his employment at all time relevant to his interactions with Plaintiff and that the City is therefore liable under respondeat superior for Defendant Fearon's actions.

25.    Plaintiff's assertion that "the City of Virginia Beach" is liable "under the doctrine of respondeat superior" for tortious acts committed by Defendant Fearon is completely without legal merit. Indeed, the Supreme Court of Virginia has explicitly held that cities cannot be held liable for the alleged intentional acts committed by a police officer via respondeat superior. *See Niese*, 264 Va. at 238-40.

26.    Because sovereign immunity protects the City from liability arising from the exercise of governmental functions such as operation of a police force and the only claims against the City in this matter arise out of an employee's alleged actions stemming from operation of a police force, the claims against the City have no basis in law, Plaintiff has failed to state a case

against the City upon which relief may be granted, and the action must be dismissed with prejudice as to the City, without leave to amend.

## CONCLUSION

WHEREFORE, City of Virginia Beach respectfully requests that the Court sustain its Demurrer and Special Plea of Sovereign Immunity, dismiss Plaintiff's Complaint as to the City in its entirety with prejudice without leave to amend, and award costs and fees herein expended and any other such relief the Court deems appropriate.

CITY OF VIRGINIA BEACH,

By: /s/

Of Counsel

**Mark D. Stiles** (VSB No. 30683)
City Attorney
**Christopher S. Boynton** (VSB No. 38501)
Deputy City Attorney
**Christopher J. Turpin** (VSB No. 97321)
Associate City Attorney
**Zachary Burkholder** (VSB No. 90597)
Associate City Attorney
*Attorneys for the City of Virginia Beach*
Office of the City Attorney
Municipal Center, Building One, Room 2098
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
MStiles@vbgov.com
CBoynton@vbgov.com
CTurpin@vbgov.com
Ztburkholder@vbgov.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Demurrer and Special Plea of Sovereign Immunity was sent by mail and email on this 15th day of January 2026 to:

Robert J. Haddad, Esq. (VSB No. 22298)
Andrew M. Hendrick, Esq. (VSB No. 42852)
Isabella I. Haddad, Esq. (VSB No. 100153)
RULOFF, HADDAD & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
rhaddad@srgslaw.com
ahendrick@srgslaw.com
Mhaddad@srgslaw.com
*Counsel for Plaintiff*

James A. Cales III, Esq.
FURNISS, DAVIS, RASHKIND AND SAUNDERS, P.C.
6160 Kempsville Cir. Suite 341B
Norfolk, VA 23502
jcales@furnissdavis.com
*Counsel for Defendant Fearon*

/s/
Christopher J. Turpin
*Associate City Attorney*

VIRGINIA:    IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

JANE DOE[1],

        Plaintiff,

v.                                              AT LAW NO.: CL25004282-00

SEAN FEARON, in his individual capacity,

and

CITY OF VIRGINIA BEACH,

        Defendant.

## <u>ANSWER AND GROUNDS OF DEFENSE</u>

COMES NOW the Sean Fearon, by counsel, and as and for his Answer and Grounds of Defense to the Complaint, states the following:

1.      The allegations of paragraph 1 of the Complaint are procedural in nature and this defendant neither admits nor denies the jurisdictional basis asserted therein.  This defendant does deny that there is any factual basis for a claim to be asserted against him.

2.      The allegations of paragraph 2 of the Complaint are admitted only inasmuch as they allege that this defendant resides in the City of Portsmouth, Virginia.  The remaining allegations are neither admitted nor denied as they are legal assertions to which no response is required.

3.      The allegations of paragraph 3 of the Complaint are admitted on information

---

[1] This defendant believes this action is a matter filed under a pseudonym pursuant to Va. Code §8.01-15.1 as he is aware of allegations made by an identifiable person not named Jane Doe and this pleading is submitted as if responding to that individual.  As drafted, the Complaint does not assert that a pseudonym is used and this defendant wholly denies any assertions by an individual named "Jane Doe" as no such person is known to exist.

and belief.

4.      The allegations of paragraph 4 of the Complaint are admitted.

5.      The allegations of paragraph 5 of the Complaint are admitted only as to the organization and chartering of the City of Virginia Beach.  The remaining allegations are legal conclusions against another defendant to which this defendant need not reply.  This defendant affirmatively avers that he did not engage in tortious conduct for which he or any other could be liable.

6.      While this defendant is not advised of the meaning of "[a]t all material times" and calls for the strict proof thereof, the allegations of paragraph 6 of the Complaint are admitted only inasmuch as they assert that this defendant was acting under color of state law and this defendant submits that all his law enforcement activities involving plaintiff were done within the course and scope of his employment and under the authority of the City of Virginia Beach.  The remaining allegations relate to claims against another defendant and as such no response is required of this defendant.

7.      The allegations of paragraph 7 of the Complaint are admitted.

8.      The allegations of paragraph 8 of the Complaint are admitted to the extent they allege that this defendant at times turned off his police issued body worn camera.  The remaining allegations are denied.

9.      The allegations of paragraph 9 of the Complaint are denied.

10.     The allegations of paragraph 10 of the Complaint are denied, as worded.  It is admitted that plaintiff recorded portions of the exchange between her and this defendant, but he denies that the encounter and contact was not consensual.

11.     The allegations of paragraph 11 of the Complaint are admitted only inasmuch

2

as they allege that plaintiff drove to a Jiffy Lube parking lot.  The remaining allegations are denied.

12.     The allegations of paragraph 12 of the Complaint are denied, except that this defendant admits only that he joined plaintiff at the Jiffy Lube parking lot.

13.     The allegations of paragraph 13 of the Complaint are denied.

14.     The allegations of paragraph 14 of the Complaint are denied, as worded.

15.     As to the allegations of paragraph 15 of the Complaint, this defendant was acting under color of state law and this defendant submits that all his law enforcement activities involving plaintiff were done within the course and scope of his employment as a police officer, although this defendant is not advised of the meaning of "[a]t all relevant times," and calls for the strict proof thereof.

16.     The allegations of paragraph 16 of the Complaint are procedural in nature and this defendant incorporates his responses asserted in response to the averments contained in the Complaint.

17.     The allegations of paragraph 17 of the Complaint are denied.

18.     The allegations of paragraph 18 of the Complaint are denied.

19.     The allegations of paragraph 19 of the Complaint are denied.  This defendant further calls for the strict proof of any claimed injury or loss and denies that, if proven, they are the result of any action on his part.

20.     The allegations of paragraph 20 of the Complaint are legal conclusions to which no response is required, except that this defendant denies that any basis exists to assert an action against him.

21.     The allegations of paragraph 21 of the Complaint are procedural in nature and

3

this defendant incorporates his responses asserted in response to the averments contained in the Complaint.

22.     The allegations of paragraph 22 of the Complaint are denied.

23.     The allegations of paragraph 23 of the Complaint are denied.

24.     The allegations of paragraph 24 of the Complaint are denied.

25.     The allegations of paragraph 25 of the Complaint are denied.

26.     The allegations of paragraph 26 of the Complaint are denied.  This defendant further calls for the strict proof of any claimed injury or loss and denies that, if proven, they are the result of any action on his part.

27.     The allegations of paragraph 27 of the Complaint are legal conclusions to which no response is required, except that this defendant denies that any basis exists to assert an action against him.

28.     The allegations of paragraph 28 of the Complaint are procedural in nature and this defendant incorporates his responses asserted in response to the averments contained in the Complaint.

29.     The allegations of paragraph 29 of the Complaint are denied to the extent they allege any breach of duty by this defendant.

30.     The allegations of paragraph 30 of the Complaint are denied.

31.     The allegations of paragraph 31 of the Complaint are denied.

32.     The allegations of paragraph 32 of the Complaint are denied.  This defendant further calls for the strict proof of any claimed injury or loss and denies that, if proven, they are the result of any action on his part.

33.     As to the allegations of paragraph 33 of the Complaint, this defendant is not

4

advised of the intended meaning of "[a]t all times relevant" but he admits only that his law enforcement activities were conducted within the scope of his employment. The remaining allegations are denied as there is no basis to determine he engaged in unlawful conduct.

34.     The allegations of paragraph 34 of the Complaint are denied.

35.     The allegations of paragraph 35 of the Complaint are procedural in nature and this defendant incorporates his responses asserted in response to the averments contained in the Complaint.

36.     This defendant denies the allegations of paragraph 36 of the Complaint as there is no basis in fact or law for the claim against him.

37.     The allegations of paragraph 37 of the Complaint are denied.

38.     The allegations of paragraph 38 of the Complaint are denied, as worded.

39.     The allegations of paragraph 39 of the Complaint denied.

40.     The allegations of paragraph 40 of the Complaint are denied.

41.     The allegations of paragraph 41 of the Complaint are denied.

42.     The allegations of paragraph 42 of the Complaint are denied. This defendant further calls for the strict proof of any claimed injury or loss and denies that, if proven, they are the result of any action on his part.

43.     As to the allegations of paragraph 43 of the Complaint, this defendant is not advised of the intended meaning of "[a]t all times relevant" but he admits only that his law enforcement activities were conducted within the scope of his employment. The remaining allegations are denied as there is no basis to determine he engaged in unlawful conduct.

44.     The allegations of paragraph 44 of the Complaint are denied.

45.     The allegations of paragraph 45 of the Complaint are procedural in nature and

5

this defendant incorporates his responses asserted in response to the averments contained in the Complaint.

46.    The allegations of paragraph 46 of the Complaint are denied.

47.    The allegations of paragraph 47 of the Complaint are denied.

48.    The allegations of paragraph 48 of the Complaint are denied.

49.    The allegations of paragraph 49 of the Complaint are denied. This defendant further calls for the strict proof of any claimed injury or loss and denies that, if proven, they are the result of any action on his part.

50.    As to the allegations of paragraph 50 of the Complaint, this defendant is not advised of the intended meaning of "[a]t all times relevant" but he admits only that his law enforcement activities were conducted within the scope of his employment. The remaining allegations are denied as there is no basis to determine he engaged in unlawful conduct.

51.    This defendant denies the allegations of paragraph 51 of the Complaint as there is no basis in fact or law for the claim against him.

52.    The allegations of the Complaint that relate to claims of injury, damage and/or loss are based upon claims of which this defendant is not advised, and he can neither admit nor deny the same, but calls for the strict proof thereof. To the extent that any claims of injury, damage and/or loss be proved, this defendant denies that it is the result of any unlawful or improper act or omission on his part.

53.    This defendant denies that he is indebted to plaintiff for any sum, for any reason.

54.    This defendant avers that the Complaint herein fails to state a claim upon which relief can be granted.

6

55.    This defendant avers that his actions and/or omissions are covered by governmental and/or sovereign immunity.

56.    This defendant avers that his actions and/or omissions are entitled to absolute and/or qualified immunity.

57.    This defendant avers that all his actions and/or omissions were based upon the good faith belief in their lawfulness, and this defendant's reliance upon the existence of consensual engagement between consenting adults.

58.    This defendant will rely upon any and all additional defenses that are supported by the evidence discovered between now and the time or trial and/or adduced upon trial, including but not limited to plaintiff's voluntary participation in consensual activity, assumption of the risk, contributory negligence, statute of limitations, voluntary participation, contributory gross negligence, waiver, and such other defenses supported by the facts of this case.  This defendant further avers that the plaintiff has failed to state a claim upon which relief can be granted.

59.    This defendant denies each and every allegation that has not heretofore been expressly and unambiguously admitted.

60.    This defendant reserves the right to amend this Answer and Grounds of Defense in accordance with the Rules of the Supreme Court of Virginia.

WHEREFORE, this defendant prays that this action be dismissed with prejudice and that the defendant recover his costs in this action, including attorney's fees.

SEAN FEARON

By_____
Of Counsel

James A. Cales III, Esquire
Virginia State Bar No. 41317
FURNISS, DAVIS, RASHKIND and SAUNDERS, P.C.
6160 Kempsville Circle, Ste 341B
Norfolk, VA 23502
(757) 461-7100
fax: (757) 461-0083
jcales@furnissdavis.com


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was emailed and mailed to all counsel of record on January 23, 2026:

Robert J. Haddad, Esquire
Andrew M. Hendrick, Esquire
Isabella I. Haddad, Esquire
Ruloff, Swain, Haddad, Morecock, Talbert and Woodward, PC
317 30th Street
Virginia Beach, Virginia 23452
rhaddad@srgslaw.com
ahendrick@srgslaw.com
mhaddad@srgslaw.com

*Counsel for Plaintiff*


Mark D. Stiles, Esquire
City Attorney
Christopher S. Boynton, Esquire
Deputy City Attorney

8

Christopher J. Turpin, Esquire
Associate City Attorney
Zachary Burkholder, Esquire
Associate City Attorney
Office of the City Attorney
Municipal Center, Building One, Room 2098
2401 Courthouse Drive
Virginia Beach, Virginia 23456
mstiles@vbgov.com
cboynton@vbgov.com
cturpin@vbgov.com
ztburkholder@vbgov.com

VIRGINIA:    IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

JANE DOE,

        Plaintiff,

v.                                                          AT LAW NO.: CL25004282-00

SEAN FEARON, in his individual capacity,

and

CITY OF VIRGINIA BEACH,

        Defendant.

## <u>DEMURRER and PLEA IN BAR</u>

COMES NOW Sean Fearon, by counsel, and as and for his Demurrer and Plea in Bar states the following:

## <u>FACTS</u>[1]

Plaintiff, listed as only Jane Doe, is believed to be the a person who files this matter under a pseudonym pursuant to Va. Code §8.01-15.1. The Complaint asserts allegations of violations of state and federal law and seeks civil damages against this defendant. This defendant is otherwise aware of these allegations made by an identifiable person not named Jane Doe. As drafted, the Complaint does not assert that a pseudonym is used and

---

[1] As is necessary in submitting a matter to the Court for resolution pursuant to a demurrer, the factual summary attached hereto is distilled from the allegations contained in plaintiff's Complaint, attachments, and reasonable inferences therefrom. The recitation of those purported "facts" here in no way should be construed by this Court or any party as agreement with, concession to, or acquiescence in any allegation of unlawful or otherwise improper conduct by the defendants. Moreover, the defendant does not concede that all factual averments as alleged by plaintiff, whether or not material here, are accurate summaries of what, in fact, occurred during their interaction.

this defendant wholly denies any assertions by an individual named "Jane Doe" as no such person is known to exist.

This defendant denies any allegations of wrongdoing sufficient to impose liability arising from any events alleged in the Complaint.

## ARGUMENT

A demurrer, of course, only tests the sufficiency of the factual allegations in a plaintiff's complaint to determine whether they state a cause of action. *Fun v. Virginia Military Institute*, 245 Va. 249, 252 (1993). Though a court considers plaintiff's factual allegations as true on a demurrer, plaintiff must, nevertheless, do more than simply plead conclusions; he must plead actual facts to support each and every claim. *See e.g. Vaughan v. DynCorp.*, 38 Va. Cr. 516, 517 (Fairfax Co. 1994); *Steelman v. Fitzgerald*, 69 Va. Cir. 393, 396 (Northampton County 2005). In addition, a court is not bound by plaintiff's conclusions of law in evaluating a demurrer. *Fox v. Custis*, 236 Va. 69, 71 (1988). Under this well-known standard, it is clear that plaintiff's Complaint fails to state any claim upon which relief can be granted for a variety of reasons and this Court should sustain defendants' Demurrer.

A special plea presents a distinct issue that, if proven, creates a bar to the plaintiffs' right of recovery. *Hilton v. Martin*, 275 Va. 176, 177 (2008). The burden of proof rests with the party asserting the special plea. *Id.* A plea in bar will "narrow the litigation by resolving an issue that will determine whether a plaintiff may proceed to trial on a particular cause of action." *Hawthorne v. VanMarter*, 279 Va. 566, 578 (2010).

2

Here, the Complaint as drafted fails to state a claim upon which the Court may grant relief if it is intended to be filed under Va. Code §8.01-15.1 because the Complaint utterly fails to identify that fact. As literally drafted and even liberally construed, the defendants can only operate as if the claim is filed by a person actually named Jane Doe. The Complaint still fails even under that construction of allegations as there is a singular set of facts that can be proven to bar such a claim; namely, there is no person named Jane Doe who has had any interaction with this defendant.

WHEREFORE, this defendant prays that this action be dismissed with prejudice and that the defendant recover his costs in this action, including attorney's fees.

SEAN FEARON

By _____
                Of Counsel

James A. Cales III, Esquire
Virginia State Bar No. 41317
FURNISS, DAVIS, RASHKIND and SAUNDERS, P.C.
6160 Kempsville Circle, Ste 341B
Norfolk, VA 23502
(757) 461-7100
fax: (757) 461-0083
jcales@furnissdavis.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was emailed and mailed to all counsel of record on January 23, 2026:

Robert J. Haddad, Esquire
Andrew M. Hendrick, Esquire

3

Isabella I. Haddad, Esquire
Ruloff, Swain, Haddad, Morecock, Talbert and Woodward, PC
317 30th Street
Virginia Beach, Virginia 23452
rhaddad@srgslaw.com
ahendrick@srgslaw.com
mhaddad@srgslaw.com

*Counsel for Plaintiff*


Mark D. Stiles, Esquire
City Attorney
Christopher S. Boynton, Esquire
Deputy City Attorney
Christopher J. Turpin, Esquire
Associate City Attorney
Zachary Burkholder, Esquire
Associate City Attorney
Office of the City Attorney
Municipal Center, Building One, Room 2098
2401 Courthouse Drive
Virginia Beach, Virginia 23456
mstiles@vbgov.com
cboynton@vbgov.com
cturpin@vbgov.com
ztburkholder@vbgov.com

4

VIRGINIA:    IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

JANE DOE,

        Plaintiff,

v.                                AT LAW NO.: CL25004282-00

SEAN FEARON, in his individual capacity,

and

CITY OF VIRGINIA BEACH,

        Defendant.

## MOTION TO IDENTIFY ANONYMOUS LITIGANT

COMES NOW Sean Fearon, by counsel, and as and for his Motion to Identify Anonymous Litigant states the following:

## FACTS

Plaintiff, listed as only Jane Doe, is believed to be the a person who files this matter under a pseudonym pursuant to Va. Code §8.01-15.1. As drafted, the Complaint does not assert that a pseudonym is used and this defendant wholly denies any assertions by an individual named "Jane Doe" as no such person is known to exist.

The facts alleged in the Complaint are facts that appear to arise from allegations of misconduct from his former employment as a Virginia Beach Police Officer. The Complaint asserts allegations of violations of state and federal law and seeks civil damages against this defendant. This defendant is aware these allegations are made by an identifiable person not named Jane Doe. Based upon a comparison of the allegations made here and the testimony surrounding the criminal case against him, the complaining witness at his

criminal trial is believed to be Jane Doe, here.  This defendant was charged with two criminal offenses that went to jury trial and resulted in not guilty acquittal verdicts.  During the course of that trial, Jane Doe testified in her actual name in open court proceedings.  She was over the age of eighteen at the time of her interactions with this defendant.  Just as in his criminal case, this defendant denies any allegations of wrongdoing sufficient to impose liability arising from any events alleged in the Complaint.

## ARGUMENT

Virginia civil procedure does countenance the filing of an anonymous action on behalf of an unnamed plaintiff.  *See* Va. Code §8.01-15.1.  That said, when such an action is filed, any party may move to identify the plaintiff.  Va. Code §8.01-15.1(A).  In relevant part, "[t]he trial court may allow maintenance of the proceeding under a pseudonym if the anonymous litigant discharges the burden of showing special circumstances such that the need for anonymity outweighs the public's interest in knowing the party's identity and outweighs any prejudice to any other party." *Id.*  The factors that a court may consider are (1) whether the requested anonymity is intended merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a sensitive and highly personal matter; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to other parties if anonymity is maintained.  *Id; see also America Online, Inc. v. Anonymous Publically Traded Co.,* 261 Va. 350 (2001)(applying factors enumerated in *James v. Jacobson,* 6 F.3d 233 (4th Cir.

2

1993). As noted in the text of Va. Code §8.01-15.1, it is the plaintiff that carries the burden of proving the need for an anonymous proceeding. Here, addressing each factor in turn, there is simply no basis for plaintiff to use a pseudonym. Although no basis to do so has yet been asserted, this defendant will address the expected arguments. He furthter reserves the right to respond to any assertions made by plaintiff alleging the existence of a special circumstance that would justify use of a pseudonym.

<u>Sensitive Nature of Claims</u>

First, it is believed that plaintiff will assert that the sexual nature of the conduct alleged in the Complaint is sensitive and highly personal. The statutory text requires that preservation of privacy is a key consideration. Here, plaintiff has already testified in open court proceedings using her own name during that testimony. There is no concern for privacy in this action because plaintiff has already been identified the record of proceedings in this defendant's criminal trial.

Likewise, generally allegations of sexual misconduct are not enough to shield the identity of a litigant in a civil case. In *Doe v. Briscoe,* 61 Va. Cir. 96 (Roanoke County April 24, 2003), the trial court addressed the development of Va. Code §8.01-15.1 as its effective date approached. There, the Court analyzed the statutory factors in light of several decisions and the concerns related to any need for privacy. *Doe v. Briscoe,* 61 Va. Cir. 96 (Roanoke County April 24, 2003) *citing Doe v. North Carolina Central Univ.,* 1999US.Dist.LEXIS 9804 (unpublished); *Doe v. Smith,* 189 F.R.D. 239 (EDNY 1998); *Doe v. Shakur,* 164 F.R.D. 359 (SDNY 1996). In finding plaintiff had failed to justify the use of a pseudonym filing for plaintiff in the case, the holding in *Doe v. Briscoe* establishes that "a non-particularized concern regarding the personal nature of the alleged assault and

3

embarrassment" was not enough to overcome the weight of authority in favor of a plaintiff standing behind the making of serious claims. *Briscoe*, 61 Va. Cir. 99-100("To paraphrase the *Shakur* court, these are serious charges and fairness dictates that the plaintiff stand behind them, publicly."). Without a particularized harm, it is simply not sufficient to justify allowing this matter proceed under the name Jane Doe.

Risk of Retaliation

The second statutory factor to be addressed is whether an issue of retaliation exists. As an initial matter, this defendant is aware of the true identity of plaintiff. It has been since June 2024 when plaintiff had her interaction with this defendant and June 2025 since the end of his criminal trial. There has been no allegation of retaliation by this defendant and there is no basis to find that any risk of future retaliation exists.

Age

Here, plaintiff was over 18 years of age at the time of the events alleged in the Complaint. As such, no concern over any infants is at issue. This was also the case in *Doe v. Briscoe,* where the plaintiff was 19 years of age. 61 Va. Cir. at 100.

Governmental or Private Party

Here, there are both private and governmental actors involved in this litigation; however, there is no basis that would justify maintaining plaintiff's use of a pseudonym.

Unfairness to Other Parties

Requiring this defendant to defend these salacious allegations while she maintains a pseudonym would operate a fundamental unfairness to him. *See Doe v. Briscoe*, 61 Va. at 101. In the criminal case associated with these allegations, this defendant was acquitted on all counts by a jury sitting in that case. It simply would prejudice this defendant not to

4

be able to publically refute allegations, and would also require additional procedural costs and burdens associated with the simple filing of papers and examination of witnesses. The granting of pseudonym status may also unfairly be seen by a trier of fact and the public as an endorsement by the Court of plaintiff's claims where, as here a jury has already found this defendant not guilty of criminal charges.

WHEREFORE, because plaintiff cannot establish special circumstances that would justify a pseudonymous filing, this defendant prays that plaintiff be ordered to file an amended complaint identifying plaintiff by name.

SEAN FEARON

By_____
                    Of Counsel

James A. Cales III, Esquire
Virginia State Bar No. 41317
FURNISS, DAVIS, RASHKIND and SAUNDERS, P.C.
6160 Kempsville Circle, Ste 341B
Norfolk, VA 23502
(757) 461-7100
fax: (757) 461-0083
jcales@furnissdavis.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was emailed and mailed to all counsel of record on January 23, 2026:

Robert J. Haddad, Esquire
Andrew M. Hendrick, Esquire

5

Isabella I. Haddad, Esquire
Ruloff, Swain, Haddad, Morecock, Talbert and Woodward, PC
317 30th Street
Virginia Beach, Virginia 23452
rhaddad@srgslaw.com
ahendrick@srgslaw.com
mhaddad@srgslaw.com

*Counsel for Plaintiff*


Mark D. Stiles, Esquire
City Attorney
Christopher S. Boynton, Esquire
Deputy City Attorney
Christopher J. Turpin, Esquire
Associate City Attorney
Zachary Burkholder, Esquire
Associate City Attorney
Office of the City Attorney
Municipal Center, Building One, Room 2098
2401 Courthouse Drive
Virginia Beach, Virginia 23456
mstiles@vbgov.com
cboynton@vbgov.com
cturpin@vbgov.com
ztburkholder@vbgov.com

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

JANE DOE,

      Plaintiff,

v.                                 Case  No.CL25004282-00

OFFICER ANNE O'NEILL

      Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on January 23, 206, the defendant Sean Fearon, in a civil action styled Jane Doe  v. Sean Fearon and City of Virginia Beach, which is designated as Case Number CL25004282-00 pending in the Circuit Court for the City of Portsmouth, Virginia, filed a Notice of Removal, a copy of which is attached, for removal of this action to the United States District Court for the Eastern District of Virginia, at Norfolk.  Upon the filing of that notice, this defendant also filed a copy of that notice with the Clerk of the  Circuit Court for the City of Portsmouth, Virginia, to effect removal pursuant to 28 U.S.C. §§, 1441, 1446.

                          SEAN FEARON

                          By_____
                                 Of Counsel

James A. Cales III, Esquire
Virginia State Bar No. 41317
FURNISS, DAVIS, RASHKIND and SAUNDERS, P.C.
6160 Kempsville Circle, Ste 341B
Norfolk, VA 23502
(757) 461-7100
fax: (757) 461-0083

jcales@furnissdavis.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was emailed and mailed to all counsel of record on January 23, 2026:

Robert J. Haddad, Esquire
Andrew M. Hendrick, Esquire
Isabella I. Haddad, Esquire
Ruloff, Swain, Haddad, Morecock, Talbert and Woodward, PC
317 30th Street
Virginia Beach, Virginia 23452
rhaddad@srgslaw.com
ahendrick@srgslaw.com
mhaddad@srgslaw.com

*Counsel for Plaintiff*

Mark D. Stiles, Esquire
City Attorney
Christopher S. Boynton, Esquire
Deputy City Attorney
Christopher J. Turpin, Esquire
Associate City Attorney
Zachary Burkholder, Esquire
Associate City Attorney
Office of the City Attorney
Municipal Center, Building One, Room 2098
2401 Courthouse Drive
Virginia Beach, Virginia 23456
mstiles@vbgov.com
cboynton@vbgov.com
cturpin@vbgov.com
ztburkholder@vbgov.com

2